CALLAHAN, Circuit Judge,
dissenting:
I dissent from the majority’s holding that James Davis Bennett’s (“Bennett”) conviction on counts eight through ten of his twelve-count indictment must be vacated because, viewed in the best light for the prosecution, there was insufficient evidence to support his conviction on those counts. I would affirm.
First, I agree with the majority that the applicable standard of review is the two-step standard articulated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in which viewing the evidence in the light most favorable to the prosecution, we then consider whether any rational juror could conclude that the government met its burden of proof.
Here, there is no doubt that Bennett committed the mortgage fraud that he has been convicted of, the only question is whether, viewed in the best light for the prosecution, there was sufficient evidence for any rational juror to conclude that the mortgage fraud Bennett committed against Equicredit Corporation (“Equicredit”), which is a wholly-owned subsidiary of Bank of America (“BoA”), was against a “financial institution” within the meaning of 18 U.S.C. § 1344.[1] Under § 1344, it is a federal crime to knowingly execute, or attempt to execute, a scheme or artifice “(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.”
I would find that there was sufficient evidence in the record for a rational juror to find that Bennett obtained property from Equicredit under the “custody or control” of BoA even if BoA did not actually exercise actual control over Equicredit. Specifically, at trial evidence was presented that the parent, BoA, owned 100 percent of the shares of its subsidiary, Equicredit. Viewed in the light most favorable for the prosecution, a rational juror could conclude that this evidence supported the conclusion that, as sole shareholder, BoA had the authority to exercise some level of control over Equicredit. Therefore, by defrauding Equicredit, Bennett was defrauding the financial institution BoA, which had the right to “custody or control” over its subsidiary within the meaning of § 1344. I would therefore affirm.

. A “financial institution” is defined as any bank or savings association the deposits of which are insured by the Federal Deposit Insurance Corporation. See 18 U.S.C. § 20(1); 12 U.S.C. § 1813(c)(2).